**Hilario ROMALEZ–ALCAIDE,
Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.***

No. 02–71791.
Agency No. A74–108–648.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 23, 2003.**

Decided Sept. 23, 2003.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* We amend the caption to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David–Blake, Oceanside, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, CAS-District Counsel, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, David V. Bernal, Attorney, Ernesto H. Molina, Jr., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before TASHIMA, BERZON, and CLIFTON, Circuit Judges.

## MEMORANDUM***

Hilario Romalez–Alcaide, a native and citizen of Mexico, entered the United States without inspection in 1984. In 1993 and 1994, Romalez–Alcaide was arrested by the Border Patrol and avoided immigration proceedings by agreeing to depart voluntarily to Mexico. After each voluntary departure, he returned to the United States, once the same night and the second time a day or two later. In 1998, Romalez–Alcaide was again arrested by the Border Patrol, and on this occasion he was placed in removal proceedings. He conceded removability but applied for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1). Cancellation was denied, in part because of Romalez–Alcaide's voluntary departures.

The Board of Immigration Appeals' majority opinion acknowledged that "[b]ut for his two very short departures under the threat of deportation, the respondent satisfied the 'continuous physical presence' requirement for cancellation of removal." *In re Romalez–Alcaide*, 23 I. & N. Dec. 423, 424, 2002 WL 1189034 (BIA 2002) (en banc). Romalez–Alcaide contends that his

*** This disposition is not appropriate for publication and may not be cited to or by the

voluntary departures did not constitute breaks in continuous physical presence, as defined by section 240A(d)(2) of the Immigration and Nationality Act. *See* 8 U.S.C. § 1229b(d)(2) (*"Treatment of certain breaks in presence.* An alien shall be considered to have failed to maintain continuous physical presence in the United States under subsections (b)(1) and (b)(2) if the alien has departed from the United States for any period in excess of 90 days or for any periods in the aggregate exceeding 180 days."). This argument is foreclosed by this court's decision in *Vasquez–Lopez v. Ashcroft,* 343 F.3d 961 (9th Cir.2003). The petition for review is therefore DENIED.